## BROWNING v. NEW YORK LEASING CO.

(Supreme Court, Appellate Term.  June 5, 1908.)

1. PLEADING—PARTIAL AND COMPLETE DEFENSES.

In an action for rent, defendant counterclaimed damages for alleged misrepresentations and breach of warranties, to which plaintiff replied by an alleged first separate defense, repeating the allegation and denials of the reply "as if here specifically set forth," and then alleged that when the lease was executed plaintiff allowed defendant, and defendant accepted as an allowance from the rent demanded by plaintiff, the sum of $600 in satisfaction and compensation for all loss of rent from vacant apartments to exist during the term of the lease. *Held*, that such allegation was but a partial defense, and should have been so pleaded, but, when taken in connection with the denials reiterated in the defense, constituted a complete defense, and was not demurrable.

2. SAME.

An allegation, in a reply to a counterclaim, of a complete waiver by defendant of its entire cause of action pleaded in the counterclaim and a ratification of the lease sued on with full knowledge on defendant's part of all the facts alleged in the counterclaim, constituted a complete defense thereto.

Appeal from City Court of New York.

Action by Edward W. Browning against the New York Leasing Company.  From an interlocutory judgment sustaining defendant's demurrers to two separate defenses in plaintiff's reply to defendant's counterclaim, plaintiff appeals.  Reversed, and demurrers overruled.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

H. Schieffelin Sayers, for appellant.
Williamson & Smith, for respondent.

PER CURIAM.  The action is for a monthly installment of rent. The defendant counterclaims damages for alleged misrepresentations and breach of warranty made at the time the lease was executed. The reply, after making certain admissions, denies the alleged misrepresentations and breach of warranty, and then sets up two "separate and distinct" defenses, to which defendant demurred on the ground that such defenses were insufficient in law upon the face thereof.  The court below sustained the demurrer, and plaintiff appeals.

The first separate defense repeats the allegations and denials of the reply "as if here specifically set forth," and then alleges that:

"When the agreement of lease * * * was executed this plaintiff allowed to defendant, and defendant accepted and received as an allowance and deduction from the rent demanded by the plaintiff for said premises, the sum of $600 in full satisfaction, discharge, and compensation for all loss of rent from vacant apartments then existing or to exist during the term of the said lease."

This allegation in itself is but a partial defense, and should have been so stated; but, when taken with the denials reiterated in the defense, it constitutes a complete defense, and is not demurrable.

The second separate defense does not reiterate previous allegations and denials; but it sets up a complete defense to the cause of action set forth in the counterclaim, by the allegation of a complete waiver by defendant of its said entire cause of action, and ratification of the lease after full knowledge on the part of defendant of all the facts alleged in the counterclaim.

The interlocutory judgment is reversed, and demurrers overruled, with costs to appellant in this court and in the court below.